658 May 29, 2025 No. 455

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. R. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. R. R.,
*Appellant.*

Jackson County Circuit Court
24JU03495; A185587

Charles G. Kochlacs, Judge.

Submitted April 21, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena C. Stross, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed and remanded.

**LAGESEN, C. J.**

Father appeals a judgment asserting jurisdiction over his child, R, which the juvenile court entered after a trial where he was unrepresented by counsel. The state concedes that, given the circumstances leading up to that trial—where the court had approved father's request for appointed counsel, but counsel was never actually appointed—the court erred in proceeding with the jurisdictional trial in the absence of appointed counsel. We agree, accept the concession, and reverse and remand the dependency jurisdiction judgment.[1]

The relevant facts are procedural in nature. The Department of Human Services filed a dependency petition in July 2024 alleging that father's child, R, was within the juvenile court's jurisdiction on a number of bases, including father's residential instability; his failure to provide food, shelter, and/or medical care; his substance abuse impairing his ability to safely parent; and the exposure of R to domestic violence by father. At an initial hearing on the petition in early August, father denied the allegations in the petition and was asked whether he wanted appointed counsel, which the court said was "critical in these cases." The court told father that it would "try to get [him] a court-appointed attorney" and directed him to fill out paperwork requesting appointed counsel. Father then filed an affidavit of eligibility and request for appointed counsel, and the court entered an order approving father's request.

A month later, the court held a trial on the allegations in the dependency petition. Father was not present at the start of the trial but showed up late. The court told father that the trial was almost over but that he could be sworn in as a witness. Father responded that he had not yet spoken to an attorney, that he had been "calling the number and they haven't—they haven't provided me with one or they haven't given me information on one," and that he did not know how to navigate moving forward. In response, the court told father that he could be sworn in as a witness. Father was then sworn in and testified on his own behalf,

---

[1] This case was submitted for decision by a two-judge panel as authorized by ORS 2.570(2)(b).

and he presented a closing argument. At the conclusion of the trial, the court determined that the jurisdictional allegations had been proved and that R was within the jurisdiction of the juvenile court. The court then entered a judgment to that effect.

Father timely appeals that judgment and argues that the court erred by proceeding with the jurisdictional trial after determining that father was entitled to counsel, because father never subsequently waived that right. As noted at the outset, the state concedes the error. We agree with and accept the concession. As we recently explained *Dept. of Human Services v. J. S.*, 339 Or App 695, 703-04, ___ P3d ___ (2025), the right to counsel in juvenile dependency proceedings is derived from the Due Process Clause of the Fourteenth Amendment, and ORS 419B.205 governs the right to counsel in dependency proceedings other than those to terminate parental rights. Under ORS 419B.205, a juvenile court retains authority to deny a parent's request for counsel in dependency proceedings if the nature of the proceeding and due process do not require representation. *J. S.*, 339 Or App at 704.

Here, the court did not deny father's request but instead stated that counsel was "critical" in light of the allegations and approved father's request. However, father was never actually provided an attorney and never waived his right to counsel. Under those circumstances, it was error for the court to proceed with the jurisdictional trial in the manner that it did, taking testimony from father rather than providing him with counsel. That error prejudiced father's ability to respond to the jurisdictional allegations, and we therefore reverse and remand the jurisdictional judgment.

Reversed and remanded.